UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKI-ALEXANDER SHETTY f/k/a SATISH SHETTY,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON, as Trustee,<br><br>    Defendant. | Case No. 16-cv-05846 NC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

    The central question presented in this suit is whether plaintiff Shetty, as the alleged assignee of claims from a former property owner, has the right to enforce the legal claims he asserts. This case arises from a mortgage loan on a property on Riverside Road, Watsonville, California, within this judicial district. The loan was taken out by the previous homeowners Jesus Serrano Melchor and Evangelina Melchor in 2006. Complaint, Dkt. No. 1, at pp. 7-8. According to the Complaint, Shetty is "an assignee of all claims and causes of action" of the Melchors. Compl. At 3. The Melchors are not presently parties to this suit.

    Shetty was not the borrower on the loan, is not a party to the loan, and has not assumed the loan. Nevertheless, in the Complaint, Shetty asserts that he is suing the Bank of New York Mellon for alleged violations of obligations owed to the Melchors.

Case No. 16-cv-05846 NC

Shetty asserts two substantive causes of actions against the Bank: (1) rescission under the Truth In Lending Act, 15 U.S.C. § 1635, regulation Z; and (2) cancellation and expungement of void written instruments under California Civil Code § 3412. The other two causes of action (quiet title and declaratory relief) are derivative of the first two claims.

The Bank of New York Mellon moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).[1] The Bank contends that because Shetty was not the borrower on the loan and is not an "obligor" to the loan under TILA, he lacks standing to bring a legal challenge against the Bank. Having considered Shetty's opposition and a supplemental brief (Dkt. No. 28), the Court finds that the Complaint does not state a claim for relief that is plausible on its face.[2] The motion to dismiss is therefore GRANTED.

## I.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

---

[1] All real parties have consented to the jurisdiction of a U.S. magistrate judge under 28 U.S.C. § 636. Dkt. Nos. 10, 13. For purposes of consent, the Court ignores "America's Wholesale Lender," which Shetty lists in the caption but says is a "non-existent entity" that has not been served. Dkt. No. 1 at 7. Any appeal will be to the Ninth Circuit Court of Appeals.

[2] The Court did not consider the materials submitted by both parties as judicially noticeable. They were not needed to resolve the motion.

Case No. 16-cv-05846 NC                 2

*v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. DISCUSSION

Simply put, Shetty has not asserted a legal right to enforce any of the claims in his Complaint.

The Truth In Lending Act, 15 U.S.C. § 1635(f), grants an "obligor" the right to rescind certain types of loans within three years of the date the loan closes if the obligor is not provided with required notices. As explained by the Supreme Court, the right to rescind is the right of the *borrower* on the transaction. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791 (2015).

Here, Shetty identifies no authority that would allow him to obtain relief as the "obligor" under TILA. Shetty was not the borrower and has no legal right to rescind the loan to the Melchors.[3]

Shetty's claim under California Civil Code § 3412 is similarly deficient. That statute provides "grounds for cancellation" of a written instrument where there is a "reasonable apprehension that if left outstanding may cause serious injury to a person against whom it is void or voidable, may upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. As Magistrate Judge Beeler explained in *Johnson v. PNC Mortgage*, Case. No. 14-cv-02975 LB, 80 F. Supp. 3d 980, 990 (N.D. Cal. 2015), a party that lacks standing cannot cancel an instrument under § 3412. The California Supreme Court in *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 924 (2016), held that the *borrower* has standing to challenge the assignment of a deed of trust.

Here, Shetty is not the borrower and lacks a legal right to cancel transactions entered into by the prior homeowners, the Melchors.

At bottom, because Shetty lacks an enforceable right against the Bank of New

---

[3] Even if the Court assumed that Shetty has standing, his TILA claim would appear to be time barred. The Court cannot be sure, because the Complaint asserts internally conflicting dates for many events alleged.

Case No. 16-cv-05846 NC            3

York, the motion to dismiss is GRANTED.[4]

## III. CONCLUSION

Because Shetty, as an alleged assignee, lacks the right to enforce the legal claims he asserts in his complaint, the Court GRANTS the Bank of New York Mellon's motion to dismiss.

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing factors for Court to consider); Fed. R. Civ. P. 15(a)(2).

Shetty has asked for leave to amend. Dkt. No. 28. In the interest of justice, the Court GRANTS leave to amend. If Shetty can cure the deficiencies in the Complaint, an amended complaint must be filed by January 20, 2017. Barring a timely amendment, the Court will terminate this case without further notice.

**IT IS SO ORDERED.**

Dated: December 23, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

---

[4] Because Shetty lacks standing to pursue the claims, the Court does not reach other allegations in the Complaint about America's Wholesale Lender being fictitious, and Klinedinst P.C. being unauthorized to appear in this case.

Case No. 16-cv-05846 NC            4