UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKI-ALEXANDER SHETTY,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICA'S WHOLESALE LENDER, et al.,<br><br>    Defendants. | Case No. 16-cv-05846 NC<br><br>**ORDER DISMISSING FIRST AND SECOND AMENDED COMPLAINT AS FUTILE, AND DISMISSING CASE WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 50 |

On December 23, 2016, the Court dismissed plaintiff Shetty's complaint under Federal Rule of Civil Procedure 12(b)(6), giving Shetty leave to amend. Shetty brought his claims as the purported assignee from the former property owners, Jesus Serrano Melchor and Evangelina Melchor. The Court found that because Shetty was a stranger to the loan between the Melchors, the borrowers, and the various defendants, he lacked standing to bring his claims. Shetty filed the First Amended Complaint on January 19, 2017. Dkt. No. 33. Defendant Bank of New York Mellon moved to dismiss the First Amended Complaint, but before that motion could be fully briefed, Shetty moved for leave to file the Second Amended Complaint, seeking to add Bayview Loan Servicing, LLC and Klinedinst PC as defendants. Because the Court finds that Shetty has not cured the deficiencies present in the initial complaint, and fails to state a claim on the claims he has proposed to add in the amended complaints, the Court DISMISSES the First and Second

1 Amended Complaints as FUTILE.

## I. LEGAL STANDARD

Generally, a Court must grant leave to amend freely. Fed. R. Civ. P. 15(a). However, in granting leave to amend, the Court considers: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District*, 743 F.2d 1310, 1319 (9th Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Further, in *Lockheed Martin Corp. v. Network Solutions, Inc.*, the Ninth Circuit determined that the district court properly denied leave to amend because the plaintiff's "legal basis for a cause of action is tenuous, [so] futility supports the refusal to grant leave to amend." 194 F.3d 980, 986 (9th Cir. 1999) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Where the theory presented in the amendment is lacking in legal foundation, or where previous attempts have failed to cure a deficiency and it is clear that the proposed amendment does not correct the defect, the court has discretion to deny the motion to amend." *Serpa v. SBC Comm'ns, Inc.*, 318 F. Supp. 2d 865, 872 (2004) (citing *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir.1992).

## II. DISCUSSION

Shetty has in no way addressed the Court's concerns expressed in its order on the motion to dismiss. *See* Dkt. Nos. 52 at 30 through 52-1 at 15 (claims 2 and 3 in the Second Amended Complaint). Shetty merely seeks to drown the Court and defendants in his repetitive allegations. His original complaint alleged claims under (1) the Truth in Lending Act, (2) cancellation of written instruments, (3) quiet title, and (4) declarative relief. His new complaints re-allege those claims and add claims for rescission, conspiracy to obstruct justice, and under the Fair Debt Collection Practices Act. In addition, Shetty seeks to add Bayview and Klinedinst as defendants. All real parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 10, 13, 44, 58. For

Case No. 16-cv-05846 NC  2

1  purposes of consent, the Court ignores "America's Wholesale Lender," which Shetty lists
2  in the caption but says is a "non-existent entity" that has not been served. Dkt. No. 52 at
3  13.

4　　　　Neither the First nor the Second Amended Complaint ameliorate the deficiency in
5  the original complaint regarding the Truth in Lending Act claim; namely, that Shetty is not
6  the borrower on the transaction. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct.
7  790, 791 (2015).

8　　　　As to Shetty's claim for cancellation under California Civil Code § 3412, the Court
9  also finds he lacks standing to bring such a claim under *Yvanova v. New Century Mortg.*
10 *Corp.* 62 Cal. 4th 919, 924 (2016) (holding only that a *borrower* has standing to challenge
11 the assignment of a deed of trust). In its previous order, dkt. no. 30, the Court found that
12 because Shetty was not the borrower on the loan, he lacked standing to cancel the loan.
13 *Johnson v. PNC Mortgage*, No. 14-cv-02975 LB, 80 F. Supp. 3d 980, 990 (N.D. Cal.
14 2015); *see also Shetty v. Veriprise Processing Sols.*, No. 2D CIVIL B267909, 2017 WL
15 1130890, at *4 (Cal. Ct. App. Mar. 27, 2017).

16　　　　Shetty also brings a claim to quiet title. The elements of a quiet title claim are: "(1)
17 a legal description of the property and its street address or common designation, (2) the
18 title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the
19 plaintiff, (4) the date as of which the determination is sought and (5) a prayer for the
20 determination of the title of the plaintiff against the adverse claims." *Janolkar v. Bank of*
21 *Am., N.A.*, No. 12-cv-03693 EJD, 2012 WL 6115629, at *3 (N.D. Cal. Dec. 10, 2012)
22 (citing Cal. Civ. Proc. Code § 761.020). "A basic requirement of an action to quiet title is
23 an allegation that plaintiffs are the rightful owners of the property, i.e., that they have
24 satisfied their obligations under the Deed of Trust." *Williams v. Bank of America, N.A.*,
25 15-cv-00792 LHK, 2015 WL 6602403, at *7 (N.D. Cal. Oct. 30, 2015), *aff'd sub nom.*
26 *BROCK WILLIAMS & SILVIA WILLIAMS v. BANK OF AMERICA, N.A.*, No. 15-17335,
27 2017 WL 2983055 (9th Cir. July 13, 2017) (citations and quotations marks omitted).
28　　　　However, "tender of the indebtedness is not required if the borrower attacks the

Case No. 16-cv-05846 NC　　　　3

validity of the underlying debt." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 87 (2013). Yet just because Shetty alleges a defect in the chain of title does not mean Shetty can bring a claim to *quiet title* because Shetty cannot claim that his claim to the property is superior to anyone else's. *Neal v. Select Portfolio Servicing, Inc.*, No. 15-cv-03212 EJD, 2017 WL 1065284, at *3 (N.D. Cal. Mar. 20, 2017) (quoting *Gerhard v. Stephens*, 68 Cal. 2d 864, 918 (1968), which found that a quiet title plaintiff must establish their own superior and rightful title, and not rely on the weakness of a defendant's title, and that to do so, the plaintiff must allege tender). Lastly, one other court has found that the tender requirement was particularly appropriate for Shetty because he is "a non-borrower third party who regularly acquires an interest in properties which are being foreclosed against, and then seeks judicial intervention." *Shetty v. JPMorgan Chase Bank, N.A.*, No. 16-cv-04042 PA (SSX), 2016 WL 7187944, at *5 (C.D. Cal. Dec. 9, 2016) (collecting cases).

As to Shetty's purported "conspiracy to obstruct justice" claim, as a matter of law, there is no private right of action for violations of 18 U.S.C. § 1503. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

Shetty likewise cannot bring a claim under the federal Fair Debt Collection Practices Act. *Aguirre v. Cal-W. Reconveyance Corp.*, No. 11-cv-06911 CAS AGRX, 2012 WL 273753, at *7 (C.D. Cal. Jan. 30, 2012) ("To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'") (internal quotation marks and citation omitted). "'Creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.'" *Shetty v. Lewis*, No. 16-cv-03112 BLF, 2017 WL 1177993, at *6 (N.D. Cal. Mar. 30, 2017) (quoting *Aguirre*, 2012 WL 273753, at *7). In addition, "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2016). Thus, because all of Shetty's

Case No. 16-cv-05846 NC 4

allegations as to violations of the FDCPA are directed against select defendants in their alleged capacities as "debt collectors," as a matter of law, Shetty cannot bring such a claim.

Shetty's last claim under 28 U.S.C. §§ 2201 and 2202 for "declarative judgment" is derivative of his other claims, and because all of his other claims fail to state a claim as a matter of law, the Court likewise dismisses this claim. *Ford v. Lehman Bros. Bank, FSB*, No. 12-cv-00842 CRB, 2012 WL 2343898, at *15 (N.D. Cal. June 30, 2012). Rescission under California Civil Code §§ 1688 and 1689 is likewise not a freestanding claim; rather, it is a remedy. *Moreno v. Citibank, N.A.*, No. 09-cv-05339 CW, 2010 WL 1038222, at *4 (N.D. Cal. Mar. 19, 2010); *Alvarez v. MTC Fin. Inc.*, No. 16-cv-06428 WHO, 2017 WL 1861844, at *6 (N.D. Cal. May 9, 2017).

Lastly, the Court observes that this case is just one in Shetty's long list of cases attempting to bring nearly identical claims. His claims here fare no better than they have in other federal district and California appellate courts. *Shetty v. Lewis*, No. 16-cv-03112 BLF, 2017 WL 1177993 (N.D. Cal. Mar. 30, 2017) (dismissing complaint without leave to amend); *Shetty v. JPMorgan Chase Bank, N.A.*, No. 16-cv-04042 PA (SSX), 2016 WL 7187944 (C.D. Cal. Dec. 9, 2016), *judgment entered*, No. 16-cv-04042 PA (SSX), 2016 WL 7187300 (C.D. Cal. Dec. 9, 2016) (same); *Shetty v. Veriprise*, 2017 WL 1130890 (affirming trial court's demurrer of Shetty's complaint); *Shetty v. Goldman Sachs Mortg. Co.*, No. B263938, 2017 WL 167500, at *1 (Cal. Ct. App. Jan. 17, 2017) (same); *Shetty v. Kinecta Fed. Credit Union*, No. B266192, 2017 WL 167518 (Cal. Ct. App. Jan. 17, 2017) (same); *Shetty v. Mortg. Elec. Registration Sys., Inc.*, No. 2D CIVIL B269059, 2017 WL 3015622 (Cal. Ct. App. July 17, 2017) (affirming summary judgment against Shetty).[1]

### III. CONCLUSION

Because the Court finds that (1) Shetty lacks standing to bring his claims; or (2) his claims are derivative of those claims he lacks standing to bring, the Court finds that the

---

[1] This list is not exhaustive; it merely is a sampling of the orders available on Westlaw through a cursory search.

Case No. 16-cv-05846 NC        5

First and Second Amended complaints did not correct the infirmities the Court found in its order on the motion to dismiss. The three new claims in the amended complaints are dismissed as incurably legally infirm. Given that Shetty has already amended his complaint twice, the Court finds further amendment would be FUTILE, and DISMISSES Shetty's case WITH PREJUDICE. The Court will enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: August 7, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge