# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NIKI-ALEXANDER SHETTY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON, BAYVIEW LOAN SERVICING, LLC, and KLINEDINST PC,<br><br>Defendants. | Case No. 16-cv-05846-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART; CLARIFYING THAT THE OPERATIVE PLEADING IS THE SECOND AMENDED COMPLAINT; DISMISSING THE SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART; AND CONTINUING CASE MANAGEMENT CONFERENCE FROM APRIL 4, 2019 TO JULY 18, 2019**<br><br>[Re: ECF 87, 89, 92] |

In the past five years, Plaintiff Niki-Alexander Shetty has filed more than a dozen foreclosure and property-related actions in the Northern and Central Districts of California. *See* Defs.' Response to Obj. at 3-4, ECF 92 (collecting cases). Shetty filed the present action on October 11, 2016, seeking to rescind a residential mortgage loan and to quiet title to real property located in Watsonville, California. *See* Compl., ECF 1. Shetty filed the action pro se but subsequently he retained counsel.

When filed in 2016, the action was assigned to Magistrate Judge Nathaneal M. Cousins. Judge Cousins recently issued an order directing that the action be reassigned to a district judge, along with a Report and Recommendation ("R&R") that the action be dismissed without prejudice as to Defendant America's Wholesale Lender and with prejudice as to Defendants The Bank of

New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC. *See* R&R, ECF 87. The Court has considered the R&R, the objection thereto filed by Shetty, and the response to the objection filed by Defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC. *See* Objection, ECF 89; and Defs.' Response to Obj., ECF 92.

For the reasons discussed below, the Court ADOPTS the R&R IN PART, DISMISSES the operative second amended complaint with leave to amend in part and without leave to amend in part; and CONTINUES the Case Management Conference from April 4, 2019 to July 18, 2019.

**I. BACKGROUND**

Because the case history provides necessary context for Judge Cousins' R&R, the procedural background is set forth in some detail below.

<u>Original Complaint</u>

In the original complaint filed October 11, 2016, Shetty claimed that Jesus Serrano Melchor and Evangelina Melchor assigned to him their ownership interest in a parcel of real property located in Watsonville, California, along with any claims they had relating to the property. *See* Compl., ECF 1. Shetty sought to rescind the mortgage loan transaction entered into by the Melchors when they bought the property, quiet title to the property, and cancel the Note, Deed of Trust, and related documents. *See id.* The complaint was asserted against two defendants, America's Wholesale Lender and The Bank of New York Mellon. *Id.*

<u>Dismissal of Original Complaint</u>

Judge Cousins granted a motion to dismiss brought by Defendant The Bank of New York Mellon, with leave to amend. *See* Order filed 12/23/2016, ECF 30. In his dismissal order, Judge Cousins noted that all real parties in interest had consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. *Id.* at 2 n.1. Judge Cousins disregarded Defendant America's Wholesale Lender for purposes of determining consent, based on Shetty's representation that America's Wholesale Lender was a non-existent entity. *Id.*

<u>First Amended Complaint and Second Amended Complaint</u>

Shetty filed a first amended complaint ("FAC") on January 19, 2017, again naming America's Wholesale Lender and The Bank of New York Mellon as Defendants, and adding

2

United States District Court
Northern District of California

1 Defendants Bayview Loan Servicing, LLC and Klinedinst PC. FAC, ECF 33. The Bank of New
2 York Mellon filed a motion to dismiss the FAC. Motion to Dismiss FAC, ECF 41. While that
3 motion was pending, Judge Cousins held the Initial Case Management Conference, at which time
4 he directed Shetty to file a motion for leave to amend to add the additional parties on or before
5 March 3, 2017. Minute Entry, ECF 43. Shetty filed a motion for leave to file a second amended
6 complaint ("SAC") on March 3, 2017, seeking to add Bayview Loan Servicing, LLC and
7 Klinedinst PC as defendants, and attaching a proposed SAC (improperly titled "Verified First
8 Amended Complaint"). Motion for Leave to Amend, ECF 50-53. The motion for leave to amend
9 was opposed by The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst
10 PC. *See* Opp., ECF 57. Judge Cousins heard argument on the motions on March 22, 2017 and
11 April 19, 2017. *See* Minute Entries, ECF 63, 64.

<u>Dismissal with Prejudice</u>

13 On August 7, 2017, Judge Cousins issued an "Order Dismissing First and Second
14 Amended Complaint as Futile, and Dismissing Case Without Leave to Amend." *See* Order filed
15 8/7/2017, ECF 65. The order is unclear as to whether Judge Cousins (a) granted Shetty's motion
16 for leave to file the SAC, treated the SAC as the operative pleading, and then dismissed the SAC
17 without leave to amend, or (b) denied Shetty's motion for leave to file the SAC, treated the FAC
18 as the operative pleading, and dismissed the FAC without leave to amend. The distinction is
19 important, because if Judge Cousins denied Shetty's motion for leave to amend to add Bayview
20 Loan Servicing, LLC and Klinedinst PC as defendants, then those entities are not parties to this
21 action. Because Judge Cousins addressed Shetty's claims against Bayview Loan Servicing, LLC
22 and Klinedinst PC on the merits, addressed all of the claims alleged in the SAC on the merits, and
23 specifically dismissed the SAC, the Court concludes that Judge Cousins permitted the amendment
24 and it therefore treats the SAC as the operative pleading. Judge Cousins noted in his order that all
25 real parties in interest had consented to the jurisdiction of a magistrate judge under 28 U.S.C. §
26 636(c). *See* Order filed 8/7/2017 at 2, ECF 65. Judge Cousins disregarded Defendant America's
27 Wholesale Lender for purposes of determining consent, based on Shetty's representation that it
28 was a non-existent entity. *Id.* at 3.

3

### Ninth Circuit's Memorandum Vacating and Remanding

Shetty appealed Judge Cousins' dismissal of the action. Notice of Appeal, ECF 67. In ruling on the appeal, the Ninth Circuit did not address the merits of Judge Cousins' dismissal order, but instead held as follows:

> Shetty and defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c). The magistrate judge, however, dismissed claims against another named defendant in the action, America's Wholesale Lender, before that defendant had been served. Because all parties, including unserved defendants, must consent to proceed before the magistrate judge for jurisdiction to vest, *Williams*, 875 F.3d at 503-04, we vacate the magistrate judge's order and remand for further proceedings.

*Shetty v. Am.'s Wholesale Lender*, 735 F. App'x 373, 373 (9th Cir. 2018).

### Proceedings Before Judge Cousins on Remand

On remand, Judge Cousins set a case management conference, at which he directed Shetty to file a status update regarding service on America's Wholesale Lender by November 21, 2018. Minute Entry, ECF 78. Shetty did not file a status update, and on November 29, 2019, Judge Cousins issued an Order to Show Cause Re: Lack of Prosecution. OSC filed 11/29/2018. At that point, Shetty retained counsel, who timely responded to the Order to Show Cause on December 5, 2018. Response to OSC, ECF 83. Counsel characterized Shetty as an unsophisticated pro se litigant who was "lacking the knowledge to comply" with the Court's order regarding service on America's Wholesale Lender. *Id*. ¶¶ 1-2. Counsel requested that the Court grant Shetty an opportunity to file another amended complaint in light of Shetty's recent retention of experienced counsel. *Id*. ¶ 12.

### Judge Cousins' Order that Case be Reassigned to a District Judge and R&R

On December 21, 2018, Judge Cousins issued an order directing that the action be reassigned to a district judge, stating that "[b]ecause 'America's Wholesale Lender' does not exist, there is no way that it can consent to magistrate judge jurisdiction." R&R at 2, ECF 87. Judge Cousins recommended that the newly assigned district judge dismiss Defendant America's Wholesale Lender without prejudice under Federal Rule of Civil Procedure 4(m) for failure to effect service of process, and dismiss all claims against Defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC for the reasons articulated in Judge

1  Cousins' prior "Order Dismissing First and Second Amended Complaint as Futile, and Dismissing

2  Case Without Leave to Amend." *Id*.

3  With respect to Shetty's request for further leave to amend, Judge Cousins stated that

4  "Shetty has neither filed a motion for leave to amend, nor articulated how an amendment would

5  cure the deficiencies identified in the August 7, 2017, order dismissing the case. That order

6  determined that further leave to amend would be futile." R&R at 2, ECF 87.

7  Shetty has filed an objection to Judge Cousins' R&R, and Defendants The Bank of New

8  York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC have filed a response to the

9  objection.

10 **II. LEGAL STANDARD**

11 When a magistrate judge is assigned, without the parties' consent, to hear a pretrial matter

12 dispositive of a claim, the magistrate judge must issue a recommended disposition for review by a

13 district judge. Fed. R. Civ. P. 72(b)(1). The recommended disposition must be served on the

14 parties, who then have fourteen days to file objections. Fed. R. Civ. P. 72(b)(2). "The district

15 judge must determine de novo any part of the magistrate judge's disposition that has been properly

16 objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the

17 recommended disposition; receive further evidence; or return the matter to the magistrate judge

18 with instructions." *Id.*

19 Under this district's Civil Local Rules, any objection pursuant to Rule 72(b) must be made

20 as a noticed "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate

21 Judge." Civ. L.R. 72-3(a). Shetty's objection to Judge Cousins' R&R does not comply with this

22 requirement. The Court nonetheless considers the objection on the merits.

23 **III. DISCUSSION**

24 As discussed above, Judge Cousins' rulings were unclear as to whether he granted Shetty's

25 motion for leave to file the SAC to add Bayview Loan Servicing, LLC and Klinedinst PC as

26 defendants. For the reasons discussed in Part I, above, this Court construes Judge Cousins' rulings

27 as granting leave to amend to add the additional defendants. To the extent there is any question on

28 that point, this Court now grants Shetty's motion for leave to file the SAC. Shetty's SAC

(erroneously captioned "Verified First Amended Complaint"), dated March 2, 2017 and attached as Exhibit 1 to the Declaration of Niki-Alexander Shetty in Support of Plaintiff's Motion for Leave to Amend and File Second Amended Complaint, is the operative pleading. *See* ECF 52.

The Court next considers whether Shetty's SAC, asserting claims against Defendants America's Wholesale Lender, The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC, should be dismissed without leave to amend as recommended by Judge Cousins.

### A. America's Wholesale Lender

Judge Cousins has recommended dismissal of Defendant America's Wholesale Lender without prejudice under Federal Rule of Civil Procedure 4(m) for failure to effect service of process. Shetty does not argue that America's Wholesale Lender has been served or, indeed, that it even exists.

Accordingly, America's Wholesale Lender is DISMISSED WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE.

### B. Defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC

Judge Cousins has recommended dismissal of all claims against Defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC, without leave to amend and with prejudice, for the reasons stated in his August 7, 2017 "Order Dismissing First and Second Amended Complaint as Futile, and Dismissing Case Without Leave to Amend." R&R at 2, ECF 87. In his August 2017 Order, Judge Cousins found all claims of the SAC to be legally deficient. *See id*. This Court finds Judge Cousins' analysis regarding the deficiencies of the SAC to be correct, well-reasoned and thorough. However, while the Court agrees with Judge Cousins that most of Shetty's claims are absolutely barred, and therefore that leave to amend would be futile as to those claims, the Court concludes that Shetty's claim for quiet title may benefit from one final opportunity for leave to amend.

#### 1. Claim 1 (Rescission)

The Court agrees with Judge Cousins' conclusion that Claim 1 of the SAC, "Rescission of Contract pursuant to California Civil Code § 1688 and 1689," is not properly stated as a

freestanding claim. Under California law, "[r]escission is not a cause of action; it is a remedy." *Nakash v. Superior Court*, 196 Cal. App. 3d 59, 70 (1987); *see also Moreno v. Citibank, N.A.*, No. C 09-5339 CW, 2010 WL 1038222, at *4 (N.D. Cal. Mar. 19, 2010) ("[R]escission is not a freestanding cause of action, but rather relief that may be granted as a result of unlawful conduct"). In his objection, Shetty asserts that he may plead common law rescission pursuant to California Civil Code §§ 1688 and 1689. Shetty fails to address the case law cited in Judge Cousin's order holding that rescission is not a freestanding claim.

Claim 1 of the SAC is DISMISSED WITHOUT LEAVE TO AMEND.

### 2. Claim 2 (TILA)

Judge Cousins properly found that Shetty lacks standing to assert Claim 2 of the SAC, "Enforcement of Rescission Pursuant to 15 U.S.C. § 1635," because only a borrower on the transaction may assert a claim under § 1635 of the Truth in Lending Act. "The Truth in Lending Act gives *borrowers* the right to rescind certain loans for up to three years after the transaction is consummated." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791 (2015) (emphasis added); *see also Mashburn v. Wells Fargo Bank, NA*, No. C11-0179-JCC, 2011 WL 2940363, at *2 (W.D. Wash. July 19, 2011) ("Since Plaintiff Hayakawa was not an obligor on the loan and had no right of rescission, Plaintiff Hayakawa does not have standing to bring the present TILA claim."). Shetty concedes his lack of standing to pursue a TILA claim.

Claim 2 of the SAC is DISMISSED WITHOUT LEAVE TO AMEND.

### 3. Claim 3 (Cancellation Pursuant to Cal. Civ. Code § 3412)

Claim 3 of the SAC, "Cancellation of Written Instruments Pursuant to California Civil Code § 3412, challenges the assignment of the deed of trust securing the Melchors' mortgage loan. Judge Cousins properly dismissed this claim on the basis that Shetty lacks standing. *See Johnson v. PNC Mortg.*, 80 F. Supp. 3d 980, 990 (N.D. Cal. 2015) (holding that borrowers could not "state a viable claim for the cancellation of an assignment between third parties."). In his objection, Shetty offers a lengthy quote from a decision of the Hawaii Supreme Court, *Wells Fargo Bank, N.A. v. Behrendt*, 142 Haw. 37 (2018). *Behrendt* does not address the standing requirements under California Civil Code § 3412.

Claim 3 of the SAC is DISMISSED WITHOUT LEAVE TO AMEND.

### 4. **Claim 4 (Quiet Title)**

The Court agrees with Judge Cousins' conclusion that Claim 4 of the SAC, "Quiet Title," fails to state a claim, because it does not allege facts satisfying all elements of a quiet title claim. "Under California law, to state a claim for quiet title, the plaintiff must allege five elements: (1) a legal description and street address of the property; (2) the plaintiff's title to which determination is sought and the basis of that title; (3) the adverse claims to the title against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of plaintiff against the adverse claims." *Lopez v. Wells Fargo Bank, N.A.*, No. 16-CV-0811 AJB (DHB), 2016 WL 6893591, at *11 (S.D. Cal. Nov. 23, 2016) (internal quotation marks and citation omitted). "A plaintiff must further allege the tender of, or an offer to tender, the remaining amount owed on the loan." *Id*. Shetty has not described in full the adverse claims to the title he seeks, and he has not alleged tender or, or an offer to tender, the outstanding loan secured by the property.

Judge Cousins has recommended dismissal of Claim 4 without leave to amend. However, because it is not clear that the deficiencies in this claim could not be cured by amendment, and in light of the fact that Shetty now has retained counsel, the Court will grant him one opportunity to amend Claim 4.

Claim 4 of the SAC is DISMISSED WITH LEAVE TO AMEND.

### 5. **Claim 5 (Conspiracy to Obstruct Justice)**

Claim 5 of the SAC, "Conspiracy to Obstruct Justice in Violation of 18 U.S.C. 1503," properly was dismissed on the basis that § 1503 does not confer a private right of action. *See Frost v. Office of Attorney Gen.*, No. C 17-04983 JSW, 2018 WL 6704137, at *2 (N.D. Cal. Dec. 20, 2018).

Claim 5 of the SAC is DISMISSED WITHOUT LEAVE TO AMEND.

### 6. **Claim 6 (FDCPA)**

Claim 6 of the SAC, "Violation of Fair Debt Collection Practices Act," properly was dismissed because none of the defendants qualify as "debt collectors" under the Act. *See Warren*

*v. Wells Fargo & Co.*, No. 3:16-CV-2872-CAB-(NLS), 2017 WL 4876212, at *9 (S.D. Cal. Oct. 27, 2017). In his objection, Shetty asserts that there is a circuit split as to whether creditors, mortgagors, and mortgage servicing companies can be sued as debt collectors under the FDCPA, and that this issue is pending before the United States Supreme Court in *Obduskey v. McCarthy & Holthus LLP*. Shetty asked that this Court stay its ruling on the R&R pending the Supreme Court's ruling in *Obduskey*. However, because the Supreme Court issued its decision in *Obduskey* on March 20, 2019, Shetty's request for a stay is moot. *See Obduskey v. McCarthy & Holthus LLP*, No. 17-1307, 2019 WL 1264579 (Mar. 20, 2019). The Supreme Court framed the issue before it as follows:

> The Fair Debt Collection Practices Act regulates "'debt collector[s].'" 15 U.S.C. § 1692a(6); *see* 91 Stat. 874, 15 U.S.C. § 1692 *et seq*. A "'debt collector,'" the Act says, is "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts." § 1692a(6). This definition, however, goes on to say that "[f]or the purpose of section 1692f(6)" (a separate provision of the Act), "[the] term [debt collector] also includes any person . . . in any business the principal purpose of which is the enforcement of security interests." *Ibid*.
>
> The question before us concerns this last sentence. Does it mean that one principally involved in "the enforcement of security interests" is not a debt collector (except "[f]or the purpose of section 1692f(6)")?

*Obduskey*, 2019 WL 1264579, at *2. The Supreme Court answered that question in the affirmative, holding that "but for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Id*. at *6. Nothing in *Obduskey* supports Shetty's position that he could state a viable claim under the FDCPA in this case; to the contrary, *Obduskey* appears to foreclose any such claim.

Claim 6 of the SAC is DISMISSED WITHOUT LEAVE TO AMEND.

### 7. Claim 7 (Declarative Judgment)

Finally, Judge Cousins dismissed Claim 7 of the SAC, "Declarative Judgment," as derivative of his other, failed claims. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005) (plaintiff asserting a declarative judgment action must plead an independent basis for subject matter jurisdiction). This Court agrees that dismissal on that basis is appropriate, because the declarative judgment claim is based on Shetty's TILA and other statutory claims that

9

are subject to dismissal with prejudice. To the extent Claim 7 is based on Claim 4 – the only claim as to which Shetty is granted leave to amend – it is dismissed as duplicative. *See Bryant v. J.P. Morgan Chase Bank, N.A.*, 671 F. App'x 985, 987 (9th Cir. 2016) ("The district court properly dismissed Bryant's request for a declaratory judgment because it was duplicative of her quiet title claim.").

Accordingly, Claim 7 of the SAC is DISMISSED WITHOUT LEAVE TO AMEND.

### C. Request to add Bank of America as a Defendant

Shetty requests leave to amend, both to re-plead his existing claims and to add Bank of America as a defendant. He does not suggest that he wishes to assert new claims against Bank of America. He states only that he should have named Bank of America as a defendant in place of America's Wholesale Lender.

Shetty's request to amend his current claims is addressed above. Claims 1, 2, 3, 5, 6, and 7 are absolutely foreclosed and therefore granting leave to amend those claims would be futile, but the Court will grant leave to amend Claim 4.

Shetty's request to amend to add Bank of America as a defendant is GRANTED, but *only* as to Claim 4 for quiet title. While the Court is reluctant to require yet another entity to respond to claims which Shetty has not yet alleged with sufficient factual specificity to go forward, Shetty's counsel asserts that he can present the claim more effectively than Shetty was able to do as a pro se litigant. Given Shetty's prior pro se status, and the liberal standards governing amendment, the Court finds that leave to amend to add Bank of America as a defendant is warranted.

Accordingly, the request for leave to amend to add Bank of America as a defendant is GRANTED, with such leave limited to his current Claim 4 for quiet title.

## IV. ORDER

(1) Judge Cousins' Report and Recommendation is ADOPTED IN PART;

(2) Defendant America's Wholesale Lender is DISMISSED from this action without prejudice for failure to effect service of process as required under Rule 4(m);

(3) As to Defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC, Claims 1, 2, 3, 5, 6, and 7 of the SAC are DISMISSED

WITHOUT LEAVE TO AMEND, and Claim 4 of the SAC is DISMISSED WITH LEAVE TO AMEND;

(4) Shetty's request for leave to amend to add Bank of America as a defendant is GRANTED, but *only* as to his current Claim 4 for quiet title;

(5) Any amended pleading shall be filed on or before April 15, 2019;

(6) Shetty may not add any additional claims or parties, other than those expressly authorized in this order, without prior leave of the Court. If he does so, his amended pleading will be stricken; and

(7) The Case Management Conference set for April 4, 2019 is CONTINUED to July 18, 2019.

Dated: March 25, 2019

_____
BETH LABSON FREEMAN
United States District Judge