**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NIKI-ALEXANDER SHETTY,<br><br>        Plaintiff,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>        Defendants. | Case No.  16-cv-05846-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE AN AMENDED PLEADING; AND CORRECTING PLAINTIFF'S MISCHARACTERIZATION OF THE COURT'S ORDER FILED MARCH 25, 2019**<br><br>[Re: ECF 95] |

On March 25, 2019, the Court issued an order dismissing Plaintiff's second amended complaint ("SAC") with leave to amend in part and without leave to amend in part.  *See* Order Adopting Report and Recommendation in Part, ECF 94.  As to Defendant America's Wholesale Lender, the Court dismissed all claims without prejudice for failure to effect service of process.  *Id*. at 10.  As to Defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC, the Court ordered that "Claims 1, 2, 3, 5, 6, and 7 of the SAC are DISMISSED WITHOUT LEAVE TO AMEND, and Claim 4 of the SAC is DISMISSED WITH LEAVE TO AMEND."  *Id*. at 10-11.  The court also granted Plaintiff's request for leave to amend to add a new defendant, Bank of America, but only as to Claim 4 for quiet title, which was the only claim as to which amendment was permitted with respect to Defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC.  *Id*. at 11.

In summary, the Court dismissed all of Plaintiff's claims without leave to amend, *except* that amendment was permitted to reassert Claim 4 for quiet title against Defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC, and to assert Claim 4 for quiet title against new Defendant Bank of America. *Id*. at 10-11. Plaintiff was granted until April 15, 2019 to file a third amended complaint limited to a claim for quiet title against The Bank of New York Mellon, Bayview Loan Servicing, LLC, Klinedinst PC, and Bank of America. *Id*.

On April 15, 2019, Plaintiff filed a motion to enlarge time to file an amended pleading, seeking a three-week extension of his filing deadline. *See* Ex Parte Motion to Enlarge Time by Three Weeks, ECF 95. The motion is accompanied by a declaration of Plaintiff's counsel, who states that the decision whether to file an amended pleading is difficult because "given the dismissal of the existing Defendants it is problematical whether a quiet title claim can be supported with one Defendant." Gary Dubin Decl. ¶ 3, ECF 95-1. Counsel mischaracterizes the Court's order as permitting Plaintiff to amend "only as to a proposed new Defendant, the Bank of America, and only as to Plaintiff's Count 4 Claim regarding quiet title." *Id*. ¶ 2. Based on that mischaracterization of the Court's order, Counsel states that Defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC cannot be prejudiced by the requested extension of Plaintiff's filing deadline, since those parties "have already been dismissed by this Court's March 25, 2019 Order." *Id*. ¶ 6.

As discussed above, the Court expressly granted leave to amend the quiet title claim *both* as to existing Defendants The Bank of New York Mellon, Bayview Loan Servicing, LLC, and Klinedinst PC, *and* as to new Defendant Bank of America. Accordingly, the "difficulty" identified by counsel – asserting a quiet title claim against only one defendant – does not exist. The Court nonetheless GRANTS Plaintiff's motion for a three-week extension of the deadline to file an amended pleading. Plaintiff shall file any third amended complaint on or before May 6, 2019.

If Plaintiff elects not to amend, but to allow the Court's Order Adopting Report and Recommendation in Part to ripen into a final, appealable order, he shall file a notice of such intent on or before May 6, 2019. Failure either to amend or to file a notice of intent not to amend will

2

1  result in dismissal of the case under Federal Rule of Civil Procedure 41(b) for failure to comply
2  with a court order.  *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).
3  **IT IS SO ORDERED.**

Dated: April 16, 2019

_____
BETH LABSON FREEMAN
United States District Judge